

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:    (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

HERIRBERTO GARCIA, *individually and on behalf of others similarly situated,*

                         *Plaintiffs,*

          -against-

IMR FOOD INC. and FALAFEL & MORE,
LLC. (d/b/a PYRAMIDA FOODS), and
MATT KOVEN,

                       *Defendants.*
------------------------------------------------------X

COMPLAINT

COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)

ECF Case

Plaintiff Herirberto Garcia, individually and on behalf of others similarly situated

(collectively the "Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against Defendants IMR Food Inc. and Falafel & More,

LLC. (d/b/a/ Pyramida Foods), (hereinafter "Pyramida"), and Matt Koven (collectively the

"Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former employee of Pyramida and Matt Koven, who own and operate Pyramida Foods.

2.     Defendant Pyramida, by and through its owners, operates the Middle Eastern restaurant located at 401 East 78th Street, New York, New York under the name of Pyramida Foods.

3.     Defendant Pyramida is owned and operated by individual Defendant Matt Koven as Pyramida's Chairman and/or Chief Executive Officer.

4.     Upon information and belief, individual Defendant Matt Koven, serves as owner, principal or agent of Defendant Pyramida.

5.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff to work in excess of forty (40) hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

6.     Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and liquidated damages, interest, attorneys' fees, and costs, and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

7.     Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

- 2 -

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

9.    Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiff was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Herirberto Garcia*

10.    Plaintiff Herirberto Garcia ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Bronx County, New York.

11.    Plaintiff Garcia had been an employee of Defendants from approximately January 2002 through November 2007.

12.    Mr. Garcia's duties included (and have included for all times relevant to this action), preparing meal items on the menu, and making deliveries.

13.    Mr. Garcia's work duties required neither discretion nor independent judgment.

14.    From approximately January 2002 until November 2007, Plaintiff Garcia regularly worked in excess of 72 hours per week.

15.    During his employment with the Defendants, Plaintiff Garcia worked a shift from 11:00 a.m. until 11:00 p.m., six days per week.

16.    During his employment with the Defendants, Mr. Garcia was paid in cash.

17.    When Mr. Garcia commenced his employment with the Defendants, he was paid $260.00 per week. Subsequently, towards the end of the period of his employment, in approximately 2007, his salary was increased by $40.00, and he was paid $300.00 per week.

18.    Plaintiff Garcia received tips in the sum of approximately $40.00 per week during his employment with the Defendants.

19.    Mr. Garcia was never notified by Defendants that his tips would be included as an offset for wages.

20.    Defendants did not account for these tips in any daily or weekly accounting of Mr. Garcia's wages.

21.    Defendants did not provide Mr. Garcia with any document or other statement accounting for Mr. Garcia's actual hours worked, and setting forth by day any deductions or credits taken against his wages.

22.    No notification, either in the form of posted notices, or other means, was ever given to Mr. Garcia regarding tips and wages as required under the NYLL and the FLSA

### Defendants

23.    Defendant IMR Food Inc. ("IMR" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. IMR owns and operates the Middle Eastern restaurant located at 401 East 78th Street, New York, New York 10021 under the name Pyramida Foods, at all times relevant to this complaint. It maintains its principle place of business at 401 East 78th Street, New York, New York 10021.

24.    Defendant Falafel & More, LLC. ("Falafel & More" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Falafel & More owns and operates the Middle Eastern restaurant located at 401 East 78th Street, New York, New

York 10021 under the name Pyramida Foods, at all times relevant to this complaint. It maintains its principle place of business at 404 East 79th Street, Apt. 27C, New York, New York 10021.

25.    Defendant Matt Koven ("Defendant Koven") is an individual engaged in business in this judicial district. Defendant Koven is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Koven possesses operational control over Pyramida, possess an ownership interest in Pyramida, controls significant functions of Pyramida, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.    IMR Food Inc. is a corporation owned, controlled, and operated by Defendant Matt Koven.

27.    Falafel & More, LLC. is a corporation owned, controlled, and operated by Defendant Matt Koven.

28.    Defendants are associated and joint employers; act in the interest of each other, with respect to employees; pay employees by the same method; and share control over the employees.

29.    In each year from 2002 to the present, the Defendants had gross annual sales of not less than $500,000.

30.    Upon information and belief, Defendant Koven (1) operates IMR Food Inc. as either an alter ego of himself, and/or (2) fails to operate IMR Food Inc. as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate IMR Food Inc. as a corporation, (b) defectively

- 5 -

forming or maintaining the corporate entity of IMR Food Inc., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating IMR Food Inc. for his own benefit as the sole or majority shareholder, (e) operating IMR Food Inc. for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with IMR Food Inc., (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

31.    Upon information and belief, Defendant Koven (1) operates Falafel & More, LLC. as either an alter ego of himself, and/or (2) fails to operate Falafel & More, LLC. as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Falafel & More, LLC. as a corporation, (b) defectively forming or maintaining the corporate entity of Falafel & More, LLC., by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Falafel & More, LLC. for his own benefit as the sole or majority shareholder, (e) operating Falafel & More, LLC. for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Falafel & More, LLC., (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

32.    At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire the

Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

*General Employment Practices*

33.    Defendants regularly required the Plaintiff to work in excess of forty (40) hours per week without paying him the proper regular rate of pay, overtime wages, or spread of hour compensation.

34.    Plaintiff was paid at or below the minimum wage.  As detailed below, Defendants' pay practices resulted in Plaintiff not receiving payment of all of his hours, so his effective rate of pay was reduced below the minimum wage.

35.    Plaintiff received tips from Defendants' customers.  However, Defendants failed to inform the Plaintiff that his tips were supposed to be credited towards the payment of the minimum wage and did not keep adequate records of tips received by the Plaintiff.

36.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

37.    For example, Defendants usually paid the Plaintiff entirely in cash.

38.    Upon information and belief, this was done so to disguise the actual number of hours Plaintiff worked, and to avoid paying the Plaintiff properly for (1) the full hours worked, (2) for overtime due, and (3) for spread of hours pay.

39.    Defendants did not pay Plaintiff for his full time worked, nor did they pay additional overtime pay.

40.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

41.    Plaintiff brings their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

42.    At all relevant times, Plaintiff, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

43.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44.    At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to

hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

45.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

46.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

47.    Defendants intentionally, or otherwise, failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

48.    Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

49.    Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

50.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51.    Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

52.    Defendants' failure to pay Plaintiff and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53.    Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

54.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

56.     Defendants knowingly, or otherwise in violation of the NYLL, paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

57.     Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

58.     Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

59.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60.     Defendants willfully, or otherwise in violation of the NYLL and associated rules and regulations, failed to pay the Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

61.    Defendants failed to pay the Plaintiff and the putative New York Class members in a timely fashion, as required by Article 6 of the New York Labor Law.

62.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

63.    Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

64.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65.    Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff and the putative New York Class members' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

66.    Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

67.    Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff (including the prospective collective class members);

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff (including the prospective collective class members);

(d)    Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff (including the prospective collective class members);

(f)    Awarding Plaintiff (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff (including the prospective collective class members)

- 12 -

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(j)    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(k)    Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(m)    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff (including the prospective collective class members)

the expenses incurred in this action, including costs and attorney's fees; and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 5, 2008

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____

Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:  (212) 317-1200
Facsimile:  (212) 317-1620
*Attorneys for Plaintiffs*